## Lauer v. Fannell

*Thomas Marsilio,* for plaintiffs.
*Charles R. Pedri,* for defendant.

BROMINSKI, *J.,* December 13, 1984—This matter comes before the court upon petition of original defendant, Nicholas Fannell, to strike and/or open judgment.

His petition alleges that he was served with a complaint in the above-captioned matter, on September 20, 1984. That he, a resident of New Jersey, did not receive notice of intention to take default judgment until Saturday, October 13, 1984, said no-

tice being dated October 11, 1984. That default judgment was taken on October 22, 1984 at 9:42 a.m. That he further alleges that the judgment should be stricken of record since it was filed prematurely in violation of Pa.R.C.P. 237, which requires ten (10) days after notice is given to take a default judgment; i.e., the time to plead would be October 21, 1984, a Sunday, thereby allowing defendant until October 22, 1984, to file a requisite pleading. That the judgment should be stricken of record since defendant did not receive notice until October 13, 1984 and should be allowed to October 24, 1984 to file a responsive pleading. That the judgment should be stricken of record on its face since the prothonotary did not sign or issue any judgment in this case. That the insurance carrier did not receive notice of this suit until Friday, October 19, 1984. That the judgment should be opened since defendant has a meritorious defense because plaintiffs are comparatively negligent, the female plaintiff is solely or jointly liable, plaintiffs do not meet the requisite no-fault thresholds pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act. That an answer has been filed contemporaneously with the filing of this motion, on October 25, 1984, responding to the complaint and raising the aforementioned defenses and that a timely answer was not filed since the carrier did not know of this case nor did they receive the requisite documents until Friday, October 19, 1984. That on Monday, October 22, 1984, the insurer called plaintiffs' counsel, at which time he was informed that judgment was taken. Plaintiffs' counsel has been requested to voluntarily open and/or strike the default judgment, however, counsel refuses to do same.

## DISCUSSION

Fundamentally, we must turn to Pa.R.C.P. 237.1, it recites:

"RULE 237.1. NOTICE OF PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe."

Further, we must turn to the explanatory notes thereunder:

"METHOD OF NOTICE

The notice of intention to enter default judgment may be mailed or delivered. Registered or certified mail is not required. The ten-day grace period for compliance runs from the date of delivery, if the notice is delivered. If the notice is mailed, the ten-day period runs from the date of mailing and not from the date of receipt." (Page 297, Desk Copy, Pennsylvania Rules of Court, West Publishing Co.)

From the hearing on the above-captioned matter, it was established that the notice of default judgment was mailed on October 11, 1984. So October 11, 1984 is the controlling date. Defendant had ten days from October 11, 1984 to file a requisite pleading, to wit, October 21, 1984. October 21, 1984 fell on a Sunday, so therefore, he had until the end of the business day on October 22, 1984, to file his pleading.

Plaintiffs filed default judgment at 9:42 a.m. on October 22, 1984, which was premature.

Defendant filed his motion to strike and/or open

judgment, and contemporaneously filed his answer to the complaint on October 25, 1984.

Plaintiffs contend defendant was remiss in what he did, and recites from 11 Stand.Penn.Prac. 2d., §68:8:

". . . . However, if a default judgment is prematurely entered by the plaintiff, defendant is not excused from filing an answer within the 20-day period; if the defendant merely moves to strike off the judgment, he will be permitted to answer on the merits only if he furnishes excuse for delay."

In response to plaintiffs' contention, there was an excuse extended by defendant's carrier, who is directly responsible for representation of defendant, in that they did not have knowledge of the matter until October 19, 1984. In addition to that, and more importantly, despite the general language of Stand.Penna.Prac., supra, this court has passed upon the question of a premature default judgment. In the case of Wodjick v. Thomas, et al., 60 Luz. Leg. Reg. 183, 184, the court enunciated: ". . . . The default judgment thus was prematurely entered and must be stricken . . . ." Also see Trew v. Maquire, 78 York L.R. 75.

For the foregoing reasons, the court enters the following

ORDER

Now, this December 13, 1984, it is hereby ordered, adjudged and decreed that the default judgment entered on October 22, 1984 by Harold Lauer and Sandra Lauer, against Nicholas Fannell, is hereby stricken.